# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>(1) DAVID RYAN WATSON, §<br>*Defendant* § | Case No. 1:23-cr-00180-DAE |

## ORDER

Now before the Court are Defendant's Motion for Discovery (Dkt. 29), filed April 1, 2024; Defendant's Motion for Discovery and Production of Evidence, filed April 5, 2024 (Dkt. 31); the United States' Response to Defendant's Motion to Allow Defendant to View Evidence, filed April 15, 2024 (Dkt. 32); and the United States' Motion for Discovery Protective Order, filed April 23, 2024 (Dkt. 35). By Text Orders issued April 5, April 10, and April 23, 2024, the District Court referred the motions to this Magistrate Judge for resolution.

On April 25, 2024, the Court held a hearing on the motions, at which the Defendant, his attorney, and counsel for the Government were present.[1]

Having carefully considered the briefing and arguments of the parties, the Court **ORDERS**:

- Defendant's Motion for Discovery (Dkt. 29) is **GRANTED** and the Government is **ORDERED** to provide Defendant "ample opportunity for inspection, viewing, and examination" of evidence in this case constituting child pornography under 18 U.S.C. § 3509(m) in compliance with the conditions set in the attached Order for Review Meeting.

---

[1] Although instructed to do so by the Court, Defendant has not filed a written response explaining his opposition to portions of the United States' Motion for Discovery Protective Order. The Court held the hearing before that motion was ripe at defense counsel's request to accommodate his schedule.

1

- Defendant's Motion for Discovery and Production of Evidence (Dkt. 31) is **GRANTED**.

- United States' Motion for Discovery Protective Order (Dkt. 35) is **GRANTED**. The parties are **ORDERED** to submit an Agreed Discovery Protective Order by **May 10, 2024**.

All other relief not expressly granted herein is **DENIED**.

**SIGNED** on April 26, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | Criminal No. A-23-CR-180 DAE |
| | § | |
| **DAVID RYAN WATSON,** | § | |
| | § | |
| Defendant. | § | |

## ORDER FOR REVIEW MEETING

Came on to be considered Defendant's Motion to Allow Defendant to View Evidence (ECF No. 29) (Defendant's Motion), and the United States' response thereto. The Court finds said Motion should be granted, but with reasonable conditions imposed for review by Defendant of property and materials that constitute child pornography. The Court further finds that the conditions proposed by the United States in its response are reasonable, except cu" vq"vj g"tgxkukqpu"vq"vj g"r ctci tcrj u"numbered 8 and 9 herein" kp"tgurqpug"vq"F ghgpf cpvøu"qdlgevkqp; should govern Defendant's review of such evidence; and will provide Defendant an ample opportunity to review such property and materials. Accordingly, **IT IS ORDERED** that Defendant's Motion is **GRANTED**. **IT IS FURTHER ORDERED** that Defendant shall be permitted **one** opportunity to inspect, view, and examine property and materials constituting child pornography in this case ("CSAM") subject to the following conditions and guidelines:

1. On a date mutually agreed to by the parties and the U.S. Marshals Service (USMS), SMS will transport Defendant to the United States Courthouse, 501 W. 5th Street, Austin, Texas, to attend a meeting to review the child pornography evidence (the

"Review Meeting"). The time and duration of the Review Meeting will be governed by USMS's transportation requirements.

2. The Review Meeting may be attended by: Defendant; defense counsel[1]; a designated defense expert, if desired by defense counsel; one or more FBI Agents; and counsel for the United States.

3. The Review Meeting will take place in a sufficiently large room in the Courthouse, e.g., a jury deliberation room, large conference room, or courtroom, as available and as permitted by USMS and/or court security personnel.

4. Defendant and defense counsel, and, at defense counsel's discretion, a designated defense expert (collectively, the "Defense Team") may review CSAM on a stand-alone computer provided by FBI.

5. FBI will provide a stand-alone government computer the contains the CSAM gathered in this case and provide technical guidance to defense counsel about navigating the CSAM.

6. One or more FBI Agents will be present in the room in which the Review Meeting takes place to retain care, custody, and control of the CSAM. Their presence is also necessary to retain care, custody, and control of Defendant, who is a pretrial detainee and will be released by USMS to their temporary custody during the Review Meeting.

7. During the Review Meeting, the Defense Team will not possess nor access any personal electronic devices, including, but not limited to, mobile phones, computers, personal electronic accessories (such as an Apple Watch), or other electronic devices. All Defense Team electronic devices will be placed in a location within the room that is visible

---

[1] Only defense counsel who have filed a notice of appearance in this case on behalf of Defendant Watson may participate.

to the Defense Team and FBI Agents, but not within the immediate reach of the Defense Team.

8. FBI Agents will be present in the room during the entirety of the Defense Team's review of the CSAM but will maintain sufficient distance to permit the Defense Team to confer with each other privately either in writing or by low-volume conversations.

9. Prior to commencing the Review Meeting, the Defense Team will be advised, and will acknowledge, that (1) the circumstances of the Review Meeting do not afford them complete privacy and, thus, the Defense Team is responsible for taking appropriate steps to keep confidential their conversations with each other; and (2) the only authorized activity during the Review Meeting will be review of CSAM, i.e., no member of the Defense Team may use or access any phone or computer to Defendant to make phone calls or engage in any other communications, access the internet, use a mobile or online application, or engage in any online activity.

10. If any member of the Defense Team engages in unauthorized activity, such as accessing or using a personal electronic device or exchanging unauthorized materials, or Defendant engages in inappropriate behavior, the Review Meeting will be immediately terminated, Defendant will be immediately returned to USMS custody, and Defendant will forfeit his opportunity to engage in review of CSAM. The Defense Team understands that the Court may be informed of such unauthorized activities or inappropriate behavior.

11. Upon conclusion of the Review Meeting, Defendant will be subject to a full search for contraband and possible weapons by the attending FBI Agents and/or USMS and/or the pretrial detention facility. Defendant may retain only handwritten notes produced during the Review Meeting.

12. Defendant will attend only one Review Meeting. If defense counsel seeks an additional Review Meeting with Defendant present, defense counsel must petition the Court and demonstrate good cause why the original Review Meeting did not provide Defendant with an "ample opportunity" to review and inspect the CSAM. The Government may respond to such petition.

**IT IS FURTHER ORDERED** that the parties may, by mutual agreement, modify any of the foregoing provisions.

**IT IS FURTHER ORDERED** that nothing in this Order shall be construed as imposing any discovery obligations on the Government that are different from those imposed by Rule 16 of the Federal Rules of Criminal Procedure, the Local Criminal Rules, and/or relevant case law.

**SIGNED and ENTERED** on this 26th day of April, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE